# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 08-CR-20064-PAS

UNITED STATES OF AMERICA,

v.

JEAN EDNOR INNOCENT,

    Defendant.

_____/

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

This matter is before the Court on Defendant Jean Ednor Innocent's

("Defendant") *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. §

3582(c)(2) after a retroactive amendment to the Sentencing Guidelines [DE 147].

The Court has considered the Motion and the record.  Because Defendant received

an aggravating role adjustment under § 3B1.1 and is not eligible for relief, the

Motion must be denied.

## I.  BACKGROUND

On July 2, 2019, Defendant pleaded guilty to one count of conspiracy to import

five kilograms or more of cocaine in violation of 21 U.S.C. § 963 (Count I). [DE 145.]

The Presentence Investigation Report calculated Defendant's base offense level as

38, based on the 499 kilograms of cocaine attributed to him.  This base offense level

was increased by two points due to Defendant's possession of a firearm during

commission of the offense under U.S.S.G § 2D1.1(b) and one point due to

Defendant's role as a manager or supervisor under U.S.S.G § 3B1.1. [PSI at 18.]

However, Defendant received a two point reduction for acceptance of responsibility,

and a one point reduction for assisting the Government's investigation and pleading guilty, resulting in a total offense level of 38. *Id.* Based on this total offense level, on September 18, 2019, the Court sentenced Defendant to 135 months' imprisonment, followed by a five-year term of supervised release. [DE 145 at 2–3.] Defendant is currently serving his sentence at Atlanta USP with an anticipated release date of September 13, 2027. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Feb. 16, 2024).

## II.   DISCUSSION

18 U.S.C. § 3582(c)(2) sets out the process that the Court must undertake in considering a sentence reduction. That provision reads:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Thus, under § 3582(c)(2), the Court first must determine if a retroactive amendment to the Sentencing Guidelines lowered Defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.[1] Then, the Court must examine the 18 U.S.C. § 3553(a) factors.[2]

---

[1] Among other provisions, the applicable Sentencing Commission policy statement provides that a court cannot reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

[2] These § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide

The retroactive amendment that Defendant invokes here is the adjustment for certain zero-point offenders. U.S.S.G. § 4C1.1. Pursuant to that amendment, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) *the defendant did not receive an adjustment under §3B1.1 (Aggravating Role)* and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1 (emphasis added).

Here, Defendant does not qualify for the adjustment for certain zero-point offenders as he claims, because he was a supervisor in the charged drug conspiracy and received an aggravating role adjustment under § 3B1.1. Because Defendant

---

the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

does not qualify for the adjustment for zero-point offenders, the Court need not analyze the § 3553(a) factors.  Accordingly, it is

**ORDERED** that Defendant Jean Ednor Innocent's Motion for Sentence Reduction [DE 147] is **DENIED**.

DONE and ORDERED at Miami, Florida, this 16ᵗʰ day of February, 2024.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: All counsel of record